

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROYAL APPLIANCE MFG. CO., <br> Plaintiff, <br><br> v. <br><br> WHITE CONSOLIDATED, LTD., <br> Defendant. | ) Case No. 1:03CV0560 <br> ) <br> ) <br> ) JUDGE WELLS <br> ) <br> ) <br> ) <br> ) COMPLAINT FOR PATENT <br> ) INFRINGEMENT WITH <br> ) JURY DEMAND <br> ) <br> ) MAG. JUDGE BAUGHMAN |

**THE PARTIES**

1. Plaintiff, Royal Appliance Mfg. Co. ("Royal"), is an Ohio corporation having its principal place of business located at 7005 Cochran Road, Glenwillow, Ohio 44139.

2. On information and belief, defendant, White Consolidated, Ltd. ("Eureka"), is a Texas limited partnership doing business as The Eureka Company and having its principal place of business located at 18013 Cleveland Business Park Drive, Suite 100, Cleveland, Ohio 44135-0920.

3. On further information and belief, Eureka regularly delivers a substantial volume of household appliances and other goods, including the vacuum cleaners accused of

infringement in this action, into the State of Ohio and this judicial district for sale in this state and district.

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the laws of the United States, specifically 35 U.S.C. § 281.

5. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 281 because this action arises under the patent laws of the United States.

6. This Court has personal jurisdiction over Eureka because Eureka has its principal place of business in this state and district and because the cause of action asserted herein arises from Eureka's transaction of business in this district and state, from Eureka's causing tortious injury to Royal in this district and state, and from Eureka's causing tortious injury to Royal in this district and state by acts outside this state.

7. Specifically, this Court has personal jurisdiction over Eureka because Eureka has sold and offered for sale in the State of Ohio and in this judicial district vacuum cleaners that infringe Royal's patents.

8. On information and belief, Eureka is registered to do business in Ohio and has a statutory agent for service of process in this judicial district.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Eureka has committed acts of infringement and has a regular and established place of business in this judicial district and because Eureka otherwise is subject to personal jurisdiction within this judicial district and, thus, resides within this judicial district as 28 U.S.C. § 1391(c) defines residence for corporations, partnerships, and other business entities.

## FACTUAL BACKGROUND

10. Royal is a manufacturer and distributor of household appliances. In particular, Royal manufactures and sells throughout the United States a broad line of vacuum cleaner products under the ROYAL and DIRT DEVIL trademarks.

11. Royal has been an innovator in the vacuum cleaner industry, particularly with respect to bagless upright vacuum cleaners, which collect dirt, dust, and other particles picked up from a floor or carpet in a removable reservoir normally termed a dirt cup or dirt container.

12. Royal's efforts in innovation have resulted in the issuance of numerous U.S. patents directed to bagless vacuum cleaner technology. Among them are the following patents (collectively "the patents in suit"), all of which are entitled "Upright Vacuum Cleaner with Cyclonic Airflow":

    a. U.S. Patent No. 6,070,291 ("the '291 patent"), which issued on June 6, 2000 (copy attached as Exhibit A);

    b. U.S. Patent No. 6,260,234 B1 ("the '234 patent"), which issued on July 17, 2001 (copy attached as Exhibit B);

    c. U.S. Patent No. 6,353,963 B1 ("the '963 patent"), which issued on March 12, 2002 (copy attached as Exhibit C);

    d. U.S. Patent No. 6,401,295 B2 ("the '295 patent"), which issued on June 11, 2002 (copy attached as Exhibit D); and

    e. U.S. Patent No. 6,463,622 B2 ("the '622 patent"), which issued on October 15, 2002 (copy attached as Exhibit E).

13. Royal is the owner by assignment of the entire right, title, and interest in and to each of the patents in suit.

14. Upon information and belief, Eureka offers for sale and sells in the United States a variety of bagless upright vacuum cleaners that entrain dust, dirt, and other particles into an air stream; introduce the entraining air stream into a removable dirt cup or dirt container in a manner to produce a cyclonic air flow pattern that separates particles from the entraining air; and then passes the air stream through a main filter located within the dirt cup or dirt container to filter the air stream before it exits the dirt cup or dirt container. Among such bagless upright vacuum cleaners are the Model 410 Eureka Whirlwind Superlite and the Coovert Superlite, which upon information and belief is sold to the public by ALDI Inc.

15. The Model 410 Eureka Whirlwind Superlite and Coovert Superlite vacuum cleaners and additional models that might be sold by Eureka under different product designations but having similar configurations ("the accused vacuum cleaners") are covered by one or more claims of the patents in suit either literally or under the doctrine of equivalents.

16. Eureka is not authorized to practice the inventions claimed in the patents in suit.

## COUNT I
### Infringement of the '291 Patent

17. By making, offering for sale, and/or selling the accused vacuum cleaners, Eureka has infringed, contributed to infringement of, and/or induced infringement of one or more claims of the '291 patent in violation of 35 U.S.C. § 271.

18. Upon information and belief, Eureka will continue its infringing conduct to the detriment of Royal unless enjoined by this Court.

19. Upon information and belief, Eureka's infringement has been willful, intentional, and in conscious disregard of Royal's rights in the '291 patent.

20. Eureka, by its infringement of the '291 patent, has damaged Royal and unlawfully derived profits and gains that Royal otherwise would have received and to which Royal is entitled.

21. Royal has suffered and is suffering irreparable injury as a result of Eureka's infringement of the '291 patent and has no adequate remedy at law.

## COUNT II
### Infringement of the '234 Patent

22. By making, offering for sale, and/or selling the accused vacuum cleaners, Eureka has infringed, contributed to infringement of, and/or induced infringement of one or more claims of the '234 patent in violation of 35 U.S.C. § 271.

23. Upon information and belief, Eureka will continue its infringing conduct to the detriment of Royal unless enjoined by this Court.

24. Upon information and belief, Eureka's infringement has been willful, intentional, and in conscious disregard of Royal's rights in the '234 patent.

25. Eureka, by its infringement of the '234 patent, has damaged Royal and unlawfully derived profits and gains that Royal otherwise would have received and to which Royal is entitled.

26. Royal has suffered and is suffering irreparable injury as a result of Eureka's infringement of the '234 patent and has no adequate remedy at law.

## COUNT III
### Infringement of the '963 Patent

27. By making, offering for sale, and/or selling the accused vacuum cleaners, Eureka has infringed, contributed to infringement of, and/or induced infringement of one or more claims of the '963 patent in violation of 35 U.S.C. § 271.

28. Upon information and belief, Eureka will continue its infringing conduct to the detriment of Royal unless enjoined by this Court.

29. Upon information and belief, Eureka's infringement has been willful, intentional, and in conscious disregard of Royal's rights in the '963 patent.

30. Eureka, by its infringement of the '963 patent, has damaged Royal and unlawfully derived profits and gains that Royal otherwise would have received and to which Royal is entitled.

31. Royal has suffered and is suffering irreparable injury as a result of Eureka's infringement of the '963 patent and has no adequate remedy at law.

## COUNT IV
## Infringement of the '295 Patent

32. By making, offering for sale, and/or selling the accused vacuum cleaners, Eureka has infringed, contributed to infringement of, and/or induced infringement of one or more claims of the '295 patent in violation of 35 U.S.C. § 271.

33. Upon information and belief, Eureka will continue its infringing conduct to the detriment of Royal unless enjoined by this Court.

34. Upon information and belief, Eureka's infringement has been willful, intentional, and in conscious disregard of Royal's rights in the '295 patent.

35. Eureka, by its infringement of the '295 patent, has damaged Royal and unlawfully derived profits and gains that Royal otherwise would have received and to which Royal is entitled.

36. Royal has suffered and is suffering irreparable injury as a result of Eureka's infringement of the '295 patent and has no adequate remedy at law.

## COUNT V
### Infringement of the '622 Patent

37. By making, offering for sale, and/or selling the accused vacuum cleaners, Eureka has infringed, contributed to infringement of, and/or induced infringement of one or more claims of the '622 patent in violation of 35 U.S.C. § 271.

38. Upon information and belief, Eureka will continue its infringing conduct to the detriment of Royal unless enjoined by this Court.

39. Upon information and belief, Eureka's infringement has been willful, intentional, and in conscious disregard of Royal's rights in the '622 patent.

40. Eureka, by its infringement of the '622 patent, has damaged Royal and unlawfully derived profits and gains that Royal otherwise would have received and to which Royal is entitled.

41. Royal has suffered and is suffering irreparable injury as a result of Eureka's infringement of the '622 patent and has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff, Royal Appliance Mfg. Co., prays for relief as follows:

(a) That this Court enter a decree holding that defendant has infringed, contributed to the infringement of, and induced infringement of the '291 patent, the '234 patent, the '963 patent, the '295 patent, and the '622 patent by its manufacture and sale of the Model 410 Whirldwind Superlite vacuum cleaner.

(b) That this Court order that defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them be preliminarily and

permanently enjoined manufacturing and selling the accused vacuum cleaners and from otherwise infringing the '291 patent, the '234 patent, the '963 patent, the '295 patent, and the '622 patent.

(c) That Royal be awarded damages adequate to compensate it for defendant's infringement of the '291 patent, the '234 patent, the '963 patent, the '295 patent, and the '622 patent in accordance with 35 U.S.C. § 284, but in any event not less than a reasonable royalty;

(d) That, as a result of defendant's willful patent infringement, the damages be increased up to three (3) times the amount assessed;

(e) That Royal be awarded costs and pre-judgment interest on the damages assessed;

(f) That Royal be awarded its reasonable attorneys' fees under 35 U.S.C. § 285; and

(g) That this Court grant such other and further relief as may be deemed just and proper under the circumstances.

Respectfully submitted,

FAY, SHARPE, FAGAN, MINNICH & McKEE, LLP

Dated: March 27, 2003

Philip J. Moy Jr. (0043568)
pmoy@faysharpe.com
Jude A. Fry (0053651)
jfry@faysharpe.com
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2518
Telephone: (216) 861-5582
Facsimile: (216) 241-1666

Attorneys for Plaintiff
Royal Appliance Mfg. Co.

## JURY DEMAND

Trial by jury of the maximum number of jurors allowed by law is hereby demanded.

Respectfully submitted,

FAY, SHARPE, FAGAN, MINNICH & McKEE, LLP

Dated: March 27, 2003

*[signature]*

Philip J. Moy Jr. (0043568)
pmoy@faysharpe.com
Jude A. Fry (0053651)
jfry@faysharpe.com
1100 Superior Avenue, Seventh Floor
Cleveland, Ohio 44114-2518
Telephone: (216) 861-5582
Facsimile: (216) 241-1666

Attorneys for Plaintiff
Royal Appliance Mfg. Co.